UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW CHAPTER, INC.

                    Plaintiff,

            v.

ADVANCED NUTRITION BY ZAHLER
CORPORATION, *et al.*,

                    Defendants.

**MEMORANDUM & ORDER**
22-CV-03734 (HG)

**HECTOR GONZALEZ**, United States District Judge:

This case arises from a trademark infringement dispute between Plaintiff New Chapter,

Inc. and Defendants Advanced Nutrition by Zahler Corp. and Advanced Nutrition Inc.  Plaintiff

alleges that Defendants are infringing on the "New Chapter" mark by adopting similar marks—

"Chapter One" and "Chapter Six"—to sell vitamins and nutritional supplements, thereby causing

confusion among consumers.  ECF No. 1 at ¶ 1.  Presently before the Court is Plaintiff's Motion

for Sanctions.  ECF No. 50 (Plaintiff's Motion for Sanctions).   For the reasons set forth below,

Plaintiff's Motion for Sanctions is granted in part and denied in part.

## BACKGROUND

This motion comes before the Court after a litany of discovery disputes have been raised

by the parties, which has required multiple instances of court intervention.  The Court assumes

the parties' familiarity with the facts and procedural history of the case and provides only a

summary of the pertinent procedural history as it relates to the instant disputes.

### A.  Defendants' Documents Related to Expenses

On February 22, 2023, the parties submitted a joint discovery letter to the Court.  ECF

No. 23 at 5 (February 22, 2023, Joint Letter).  In that letter, Defendants claimed that they had

"produced all documents identified as responsive and non-privileged" in response to Plaintiff's

request for "[d]ocuments sufficient to show the amount [*sic*] money expended by Defendants in advertising or promoting each of Defendants' Marks and/or Defendants' Products for each year from the year of first use to the present." *Id.* at 5; ECF No. 23-3 at 8 (Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production). Defendants additionally directed Plaintiff in the letter to a single native Excel file in response to the request. ECF No. 23 at 5. Four months later, after Defendants retained an expert, Defendants produced additional documents detailing Defendants' expenses in relation to advertising or promoting Defendants' Marks and/or Products. ECF No. 52 at 10–11 (Defendants' Opposition to Motion for Sanctions). For this late disclosure, Plaintiff seeks preclusion of the additional expense-related documents and testimony regarding any portion of the Amended Rebuttal Report of Dr. Groehn that relies on those documents. ECF No. 50-1 at 8 (Plaintiff's Memorandum of Law in Support of Motion for Sanctions). [1]

### B. Defendants' Keyword Documents

The parties again wrote to the Court on April 7, 2023, which resulted in the Court holding a conference on April 14, 2023. *See* ECF No. 38 (April 7, 2023, Joint Letter); April 14, 2023, Minute Entry. In the parties' joint letter, Plaintiff represented that Defendants would not produce information related to Defendants' keyword purchases. *See* ECF No. 38. After hearing the parties' arguments on the issue, the Court ordered Defendants to produce responsive documents related to keyword advertising. ECF No. 50-7 at 17:10–13 (April 14, 2023, Transcript). The Court informed Defendants that they shall "interpret [this] order as [key word purchases or advertising] being . . . broad term[s]." *Id.* at 17:22–18:2. Approximately two months later, the

---

[1]     Both Defendants and Plaintiff note that preclusion of this evidence would effectively preclude the testimony of Dr. Groehn related to topics addressed in his Amended Rebuttal Report. ECF No. 50-1 at 23; ECF No. 52 at 12.

issue was again brought before the Court, this time as it related to information which would assist Plaintiff in understanding the spreadsheets Defendants had produced in response to the Court's Order.  ECF No. 50-9 at 17:24–19:20 (June 9, 2023, Transcript).  The Court held a second conference and ordered Defendants to produce information that would help explain the material in the spreadsheets.  *Id.* at 19:15–19.  The Court noted it was "clear back in April" that it found "the keyword information [to be] pretty critical and necessary."  *Id.*  The Court thus ordered Defendants to "reach out to whoever the vendor is who prepared [the spreadsheets produced by Defendants]" to retrieve the relevant information.  *Id*.  On June 29, 2023, Defendants produced a declaration to Plaintiff, which provided descriptions of the spreadsheets at issue.  ECF No. 50-1 at 11.  Plaintiff claims that the declaration provided is inadequate as it "still fails to explain what the 29 keyword spreadsheets represent or describe every column therein."  *Id.*  Plaintiff requests that the Court preclude any evidence related to Defendants' keyword purchase campaigns, including the produced spreadsheets.  *Id.* at 11–12.  Plaintiff also seeks an award of attorney's fees incurred in attempting to secure compliance and obtain discovery regarding Defendants' keyword documents.  *Id.* at 17.

### C.  The Depositions of Bailey Weber and Gitty Zahler

On February 22, 2023, Defendants filed an emergency letter for a court conference in relation to the depositions of Bailey Weber and Gitty Zahler.  ECF No. 24 (Defendants' Emergency Letter).  The dispute concerned "whether the depositions will proceed at 12 PM in Brooklyn [on February 23, 2023] . . . or at 9:30 AM in Manhattan[.]"  *Id.*  Defendants claimed the depositions were to take place "at a location to be agreed by the parties," and that the witnesses felt more comfortable appearing remotely in Brooklyn due to religious concerns.  *Id.*; ECF No. 52 at 14–15.  Plaintiff claimed that Defendants modified the location of the depositions

at the last minute, and that the parties originally agreed for the depositions to take place in Plaintiff's counsel's office in Manhattan.  ECF No. 25 (Plaintiff's Response to Emergency Letter); ECF No. 50-1 at 14–15.  After the Court ordered that the depositions take place at Plaintiff's counsel's office at noon, the witnesses appeared and were deposed in Manhattan.  ECF No. 50-1 at 15; ECF No. 52 at 15.  Plaintiff seeks fees it incurred in responding to Defendants' emergency letter and paying for the time of the court reporter and videographer who remained onsite for the witnesses.  ECF No. 50-1 at 15.

### D.  The Deposition of Mendel Monheit

Defendants' CEO Mendel Monheit was designated as Defendants' Rule 30(b)(6) witness on fourteen topics, including Defendants' revenues and expenses.  ECF No. 50-1 at 15; ECF No. 52 at 15.  Plaintiff claims Mr. Monheit was unprepared to testify on the original deposition date due to Defendants' production of an incomplete spreadsheet of alleged expenses, causing Plaintiff to resume the deposition at a later date.  ECF No. 50-1 at 15–16.  By the time of the second deposition date, the attorney who had taken the first deposition was on parental leave, so substitute counsel had to prepare for and take the deposition.  *Id.* at 16.  Plaintiff seeks fees that Plaintiff's counsel was required to expend in preparing for and taking the second deposition and costs associated with retaining additional court reporters and videographers.  *Id.*

### E.  The Deposition of Dr. Groehn

Dr. Groehn is Defendants' expert on both damages and a likelihood of confusion survey.  ECF No. 50-1 at 21.  On June 9, 2023, after the parties disputed the length of time that Dr. Groehn should be deposed, Plaintiff argued to the Court that because Dr. Groehn is an expert on two distinct topics, he should be available for two depositions, spanning seven hours each.  ECF No. 50 at 21; ECF No. 50-9 at 19:22–21:11; ECF No. 50-14 (June 8, 2023, Email Exchange).

The Court noted that if Dr. Groehn "is serving in the capacity of what two experts would serve, then he can be deposed for two days." ECF No. 50-9 at 21:10–11. Plaintiff seeks fees for the time Plaintiff spent exchanging emails on the dispute. ECF No. 50-1 at 21.

### F. Backup for Expert Surveys

Plaintiff claims Defendants failed to produce backup data for their expert reports in two instances. First, Plaintiff contends Defendants initially failed to produce backup data for both their likelihood of confusion survey and the conjoint survey in Dr. Groehn's Damages Rebuttal Report. ECF No. 50-1 at 21–22. After a back and forth among the parties, Plaintiff claims its rebuttal expert finally received the backup material two weeks after the report was due. *Id.* at 22.

Similarly, on June 9, 2023, the Court ordered Defendants to produce all of the backup data associated with the damages survey, noting that it "shouldn't come as a surprise to [Defendants] that [Plaintiff] is going to want the backup data to an expert report." ECF No. 50-9 at 15:7–16:1. Plaintiff claims that Defendants' initial failure to produce the backup data effectively caused its rebuttal experts to review the data and draft their reply reports in less time than the parties originally agreed to. ECF No. 50-1 at 23. For this, Plaintiff seeks fees associated with drafting the instant motion. *Id.* at 25.

### G. Dr. Groehn's Amended Rebuttal Report

On July 7, 2023, the parties filed a joint letter regarding Plaintiff's motion for leave seeking to strike as untimely the Amended Rebuttal Report of Dr. Groehn. ECF No. 45 (July 7, 2023, Joint Letter). On July 10, 2023, the Court denied Plaintiff's request, noting that Plaintiff could raise any concerns with the report in a motion pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See* July 10, 2023, Text Order. Plaintiff subsequently filed a motion to strike the testimony associated with that report. ECF No. 77

5

(Plaintiff's Motion to Strike Expert Testimony of Dr. Groehn).  If the Court orders preclusion of Defendants' documents related to expenses, Plaintiff notes that this would necessarily preclude testimony regarding Dr. Groehn's original Rebuttal Report and Amended Rebuttal Report that discuss the underlying subject matter of those documents.  ECF No. 50-1 at 23.

### H.  Accusations of An Ethical Breach

Plaintiff asserts Defendants falsely accused Plaintiff's counsel of improper conduct regarding an alleged inadvertent disclosure of privileged information.  ECF No. 50-1 at 23–24. For this alleged conduct, Plaintiff states Defendants should be sanctioned and Plaintiff should be granted fees incurred in responding to Defendants' accusations of misconduct.  *Id.* at 24–25.

### I.  Withholding Documents and Counsel's Obstruction and Lack of Good Faith

Plaintiff further alleges additional instances in which Defendants belatedly disclosed information responsive to Plaintiff's discovery requests and where Defense counsel acted in bad faith when Plaintiff sought Defendants' compliance with their discovery obligations.  ECF No. 50-1 at 18–21, 24.  Plaintiff seeks reimbursement for the discovery expenses necessitated by Defendants' alleged misconduct.  *Id.*

### J.  Additional Relief Sought

Plaintiff also generally seeks the following relief:  (i) for disobeying the Court's April 14 Order (finding of contempt); (ii) for disobeying the Court's April 14 and June 9 Orders (award of fees incurred in this motion as against the Defendants and their counsel); and (iii) further monetary sanctions to the extent appropriate.  ECF No. 50-1 at 25.

## LEGAL STANDARD

"Just as a district court has broad discretion to manage discovery, it likewise has wide discretion to impose sanctions for abusing that process."  *Kyros L. P.C. v. World Wrestling Ent.*,

*Inc.*, 78 F.4th 532, 545 (2d Cir. 2023).[2]  Plaintiff has moved for sanctions under Rule 30(d)(2) and under various sections of Rule 37.[3]  Rule 30(d)(2) permits the Court to impose sanctions "including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  "To award sanctions under Rule 30(d)(2), a court must find the movant met its burden of showing that the deposition was impeded, delayed or frustrated in any material sense."  *Schmidt v. Stone*, No. 14-cv-519, 2019 WL 3253953, at *5 (E.D.N.Y. July 18, 2019).  "No showing of bad faith is necessary to award sanctions under Rule 30(d)(2)."  *Id.*

Rule 37(a)(3)(A) permits a party to move for appropriate sanctions if the opposing party fails to make a disclosure required by Rule 26(a), or fails to provide a discovery response as outlined in Rule 37(a)(3)(B),(C).  Fed. R. Civ. P. 37(a)(3).  Rule 37(a)(5)(A) mandates the Court to award expenses to a movant whose discovery motion was granted after giving the non-moving party "an opportunity to be heard" and finding that none of the following is true:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).  "[O]nce a motion to compel is granted, the losing party bears the burden to show that an exception applies to avoid Rule 37(a)(5)(A)'s fee-shifting mandate."  *Wager v. G4S Secure Integration, LLC*, No. 19-cv-3547, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021).  When a discovery motion is granted in part and denied in part, the Court conducts an

---

[2]     Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

[3]     Plaintiff moves for sanctions specifically under Rules 37(a)(3), 37(a)(5), 37(b)(2)(A), 37(b)(2)(C), 37(c)(1)(A), 37(d)(2) and 37(d)(3).  ECF No. 50-1 at 1, 25.

analysis under Rule 37(a)(5)(C), which "effectively incorporates the substantive standards of Rule 37(a)(5)(A)." *Id.* at *3.

Rules 37(b), 37(c) and 37(d) permit the Court to issue sanctions related to a party's failure to comply with a Court order and a party's failure to adhere to its disclosure and discovery obligations, including a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection.  Fed. R. Civ. P. 37(b), 37(c), 37(d).  Rule 37(b)(2) provides a list of sanctions the Court may adopt, which, if imposed, must "(1) be just; and (2) relate to the particular claim to which the discovery order was addressed."  *MPD Accessories, B.V. v. Urb. Outfitters, Inc.*, No. 12-cv-6501, 2013 WL 4399199, at *8 (S.D.N.Y. Aug. 13, 2013).  The Court may apply sanctions from the same list set forth in Rule 37(b)(2)(A)(i)-(vi) if it finds a violation under Rule 37(c)(1) and Rule 37(d).  Fed R. Civ. P. 37(c), 37(d).

## DISCUSSION

### I.      Preclusion of Evidence

Plaintiff seeks to preclude, pursuant to Rules 37(b)(2)(A)(ii), 37(c)(1)(A), and 37(d)(3), the belatedly produced expense-related documents as well as any documents related to Defendants' keyword purchases or advertising.  ECF No. 50-1 at 8–12.  Although a party who fails to timely produce documents before the close of discovery is subject to sanctions pursuant to Rule 37, "preclusion is an extreme sanction" and the Court "must consider less extreme responses."  *Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015).  The Second Circuit considers four factors in determining whether to preclude evidence:  (1) the party's explanation for its failure to disclose the evidence; (2) the importance of the testimony of the precluded witnesses or of the evidence; (3) any prejudice suffered by the opposing party as a

result of having to prepare to meet the new testimony or evidence; and (4) the possibility of a continuance. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Bad faith is not required to merit preclusion under Rule 37, but can be taken into account as an explanation for a party's failure to comply with discovery orders. *Id.*

The Court finds the preclusion of evidence not warranted in this case. Regarding Defendants' expense-related documents, Defendants contend that they could have only produced the additional documents in question after retaining a damages expert, who provided a "more accurate way of demonstrating expenses." ECF No. 52 at 10. The Court agrees. "Defendants cannot be required to produce that which does not exist." *Myers v. Saxton*, No. 20-cv-961, 2022 WL 20208557, at *1 (N.D.N.Y. June 24, 2022). Similarly, with regard to the keyword-related documents, Defendants assert that they have fully complied with the Court's Order in providing Plaintiff a declaration that explained the meaning of every column header in the keyword spreadsheets. ECF No. 52 at 4–5.

Additionally, as Plaintiff concedes, both pieces of evidence are important to the underlying action. Defendants' expense-related documents support the amount to which Plaintiff may be entitled to in disgorgement of Defendants' profits. ECF 50-1 at 5. Defendants' keyword-related documents assist Plaintiff in understanding (a) Defendants' advertising expenses and (b) whether Defendants had purchased keywords related to Plaintiff's marks. ECF No. 50 at 8. Furthermore, preclusion of Defendants' expense-related documents would have the effect of striking the testimony of Dr. Groehn related to topics addressed in his Amended Rebuttal Report. ECF No. 50 at 8; ECF No. 52 at 12.

Although Plaintiff may have suffered some prejudice by Defendants' belated disclosure of these documents, given that Defendants eventually produced the documents requested and that

the discovery deadline was extended, the Court finds the prejudice that Plaintiff may have suffered does not rise to the level of requiring preclusion in this case. *Cf. Chanel, Inc. v. Veronique Idea Corp.*, 795 F. Supp. 2d 262, 270–71 (S.D.N.Y. 2011) (precluding expense-related documents where defendants failed to produce them at all).[4]

## II.   Attorney's Fees

### A.  *Defendants' Keyword Documents*

Although the Court declines to preclude Defendants' keyword documents, the Court does find a sufficient basis for an award of fees that Plaintiff's attorneys incurred in attempting to secure compliance and obtain this discovery.  Pursuant to Rule 37(b),[5] the Court may award sanctions for a party's failure to obey a discovery order.  Fed. R. Civ. P. 37(b).  On April 14, 2023, the Court ordered Defendants to interpret the terms in the Court's Order directing Defendants to produce responsive documents related to keyword advertising as "being . . . broad," *see* ECF No. 50-7 at 18:1–2.  Nevertheless, Defendants' failure to provide sufficient information for Plaintiff to understand the subsequently produced documents resulted in Plaintiff having to bring the issue to the Court's attention a second time on June 9, 2023.  *See* ECF No.

---

[4]      For the same reasons, the Court also declines to preclude the testimony regarding those portions of Dr. Groehn's Amended Rebuttal Report that discuss the expense-related documents. *See* ECF No. 50-1 at 23.  Additionally, because the Court declined Plaintiff's request to seek leave to strike the Amended Rebuttal Report of Dr. Groehn, *see* July 10, 2023, Text Order, it finds no basis to award Plaintiff fees it incurred to respond to the Amended Rebuttal Report or in preparing its July 7, 2023, letter seeking leave to strike the Amended Rebuttal Report.

[5]      The Court notes that Plaintiff cites case law under Rule 37(a)(5)(A) in requesting this specific relief.  However, a prerequisite to seeking relief under Rule 37(a)(5)(A) is that a party first file a motion to compel.  Plaintiff did not file a motion to compel and a joint letter presenting a discovery dispute does not suffice as a motion to compel.  *See e.g.*, *Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16-cv-2098, 2017 WL 11674895, at *3 (S.D.N.Y. Aug. 23, 2017) (declining to find two-and-a-half-page portion of a joint letter discussing several discovery disputes to constitute a motion to compel under Rule 37(a)(5)(A)).  Nevertheless, the Court finds a sufficient basis to award fees under its inherent authority and under Rule 37(b).

50-9 at 17:24–19:20.  The Court reiterated at the June Conference that it was "clear back in

April" that it found "the keyword information [to be] pretty critical and necessary."  *Id.*  In light

of Defendants' failure to adhere to the Court's original order, requiring the Court to address the

issue again with the parties, the Court cannot find that Defendants' failure to comply with the

Court's April 14 Order was substantially justified.  Fed. R. Civ. P. 37(b)(2)(C).[6]

The Court has broad discretion to apportion liability between Defendants and their

counsel.  *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 125

(S.D.N.Y. 2018).  Because the Court specifically advised Defense counsel of this Order on April

14, 2023, and because the Court does not have sufficient facts to determine if Defense counsel or

Defendants caused the noncompliance, the Court, in its discretion, finds that joint and several

liability is appropriate here.  Defendants are thus jointly and severally liable for the fees with

their attorneys at Freedman Normand Friedland LLP and Bochner PLLC.

### B.  The Depositions of Bailey Weber and Gitty Zahler

The Court additionally awards Plaintiff the fees it incurred for responding to Defendants'

emergency letter and paying for the time of the court reporter and videographer who remained

onsite for the depositions of Bailey Weber and Gitty Zahler.  Although a review of the email

---

[6]      Although the Court finds a sufficient basis to award fees for Defendants' conduct
regarding the April 14 Order, it does not find it appropriate to find Defendants in contempt.  "A
party or other person may be held in civil contempt for failure to comply with a court order if:
(1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing;
and (3) the accused contemnor has not diligently attempted to comply with the order in a
reasonable manner."  *Citibank, N.A. v. McPartland*, No. 20-cv-8673, 2023 WL 4424352, at *3
(S.D.N.Y. July 7, 2023), *report and recommendation adopted*, No. 12-cv-8673, 2023 WL
8478799 (S.D.N.Y. Dec. 7, 2023).  "Although the district courts have 'broad discretion' to
determine an appropriate contempt sanction, they are 'obliged to use the least possible power
adequate' to bring about compliance.  *Id.* at *4.  Here, the Court finds that requiring Defendants
to pay the fees Plaintiff's attorneys incurred in attempting to secure compliance and obtain the
keyword document discovery to be the proper method to bring about Defendants' future
compliance and to remedy past non-compliance.

exchange of counsel reveals that there appears to have been no agreement as to the start time of these depositions, Defense counsel indicated that these individuals would appear in Manhattan. ECF No. 24-1 at 7.  The Court also finds Defense counsel was unnecessarily evasive in its answers to Plaintiff's counsel regarding scheduling these depositions.  ECF No. 24-1.  This necessarily required Plaintiff to arrange for a court reporter and videographer to be ready at Plaintiff's counsel's office in Manhattan at 9:30 A.M.  ECF No. 50-1 at 15; ECF No. 24-1 at 2. Less than two days before the depositions were set to commence, Defense counsel indicated that the witnesses were going to appear at a different location, prompting a dispute among the parties and eventually the filing of Defendant's emergency letter.  ECF No. 24-1 at 6.  The witnesses appeared at the Manhattan location only after the Court ordered them to do so.  ECF No. 50-1 at 15; ECF No. 52 at 15.  All the while, the videographer and court reporter were waiting for the depositions to begin.  ECF No. 50-1 at 15.  The Court therefore finds the depositions of Mrs. Weber and Mrs. Zahler were "impeded, delayed [and] frustrated."  *Schmidt*, 2019 WL 3253953, at *5; *see also In re Speer*, No. 14-21007, 2020 WL 1649617, at *11 (Bankr. D. Conn. Apr. 1, 2020) ("Although Rule 30(d)(2) is commonly cited in support of sanctions for conduct that occurs during a deposition, courts have also relied on this provision to issue monetary sanctions for expenses incurred as a result of a non-appearance of a deposition.").

As Defense counsel notes, Freedman Normand Friedland LLP was not involved in these depositions.  ECF No. 52 at 23.  Consequently, the Court orders only Defendant and Bochner PLLC to pay the fees associated with Plaintiff responding to Defendants' emergency letter and paying for the time of the court reporter and videographer who waited onsite for the depositions.

### C.  The Deposition of Mendel Monheit

The Court declines to award fees for the deposition of Mendel Monheit pursuant to Rules 30(d)(2), 37(c)(1)(A), and 37(d)(3).  Although Plaintiff claims Mr. Monheit was unprepared for his deposition, a five-hour deposition, producing a transcript of over 200 pages of testimony "does not rise to the level of a failure to appear."  *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 308 (S.D.N.Y. 2019) (six-hour long deposition, producing a transcript of over 200 pages).  Even though Plaintiff was required to prepare for a second deposition of Mr. Monheit, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas."  *Leidig v. Buzzfeed, Inc.*, 16-cv-542, 2017 WL 6512353, at *5 (S.D.N.Y. Dec. 19, 2017).  Because Plaintiff claimed only a deficiency in two of the fourteen topics Mr. Monheit was designated to address, the Court cannot find that Mr. Monheit's first deposition is "tantamount to a failure to appear," and therefore sanctions will not be imposed.  *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38–39 (S.D.N.Y. 2009).

### D.  The Deposition of Dr. Groehn

The Court also declines to award fees pursuant to Rule 37(d)(2) for time Plaintiff spent exchanging emails concerning whether Dr. Groehn should be deposed for one or two days.  It is true the Court noted that if Dr. Groehn "is serving in the capacity of what two experts would serve, then he can be deposed for two days."  ECF No. 50-9 at 21:10–11.  However, as highlighted by Defendants, it appears Plaintiff did not meet and confer with Defendants before raising the issue with the Court, *see* ECF No. 52 at 18, and Plaintiff did not raise the issue with Defendants in the joint letter that prompted the Court's ruling on the issue.  *See* ECF No. 41 (June 8, 2023, Joint Letter).  Additionally, Plaintiff did not submit a certification that it met and

13

conferred with Defendants in good faith, as required under Rule 37(d).  Fed. R. Civ. P.

37(d)(1)(B).  Consequently, Plaintiff has no basis to seek sanctions under Rule 37(d).  The Court

additionally declines to impose sanctions under its inherent authority for what amounts to a

typical discovery dispute among parties, and which, as Plaintiff acknowledges, was resolved

quickly.  ECF No. 50-1 at 21.

### E.  Fees for Drafting the Instant Motion

The Court declines to award Plaintiff fees for drafting this motion for sanctions.  Plaintiff

claims it should be awarded fees for drafting this motion for Defendants' failure to obey the

April 14 and June 9 Orders, *see* ECF No. 50-1 at 25, and for Defendants' failure to produce

backup data for the expert reports, *see id.* at 21–23.  With regard to Defendants' failure to

produce the backup data for its experts, Plaintiff admits that it eventually received all of the data,

albeit belatedly.  ECF No. 50-1 at 23.  The Court therefore does not find a basis for sanctions for

this conduct.  Although the Court is permitted to award Plaintiff the fees incurred in making this

motion, *see e.g.*, *Guan v. Long Island Bus. Inst., Inc.*, 15-cv-2215, 2017 WL 11703881, at *4

(E.D.N.Y. March 2, 2017) (collecting cases), the Court finds the fees it has already awarded in

this case to be tailored to the actions it found to be sanctionable.  A grant of additional fees

would be excessive, as the motion is granted in part and denied in part.  *See Penta v. Costco

Wholesale Corp.*, No. 14-cv-3587, 2016 WL 1171612, at *8 (denying fees associated with filing

motion for sanctions where motion was only partially successful).

### F.  Additional Accusations of Ethical Breach, Withholding Documents and Counsel's Obstruction and Lack of Good Faith

The Court finds that Plaintiff's other requested sanctions are "not commensurate" with

Defendants' alleged conduct.  *Syntel*, 328 F.R.D. at 123.  For these actions, Plaintiff does not cite

to any Court Order that Defendants violated, nor does it cite any applicable sanctions rule.

14

While Plaintiff may have belatedly received documents from Defendants, *see* ECF No. 50-1 at 18–21, Plaintiff does not allege that there are any documents it believes Defendants are currently withholding improperly. To the contrary, the parties have now completed fact and expert discovery, and Defendants' summary judgment motion is fully briefed. *Cf. In re Keurig Green Mountain Single-Service Coffee Antitrust Litig.*, 341 F.R.D. 474, 529 (S.D.N.Y. 2022) (declining to impose sanctions where the filing of summary judgment papers "undermin[ed]" any inference that the alleged conduct prevented plaintiffs from gathering sufficient evidence for their claims). The Court further finds no basis for sanctions regarding the alleged false accusations of ethical breach or any alleged obstruction or lack of good faith. Accordingly, the Court does not find that the imposition of sanctions is appropriate for this additional alleged conduct.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's motion for sanctions is GRANTED in part and DENIED in part. *See* ECF No. 50-1. Plaintiff is awarded fees (a) incurred in attempting to secure compliance and obtain discovery related to the keyword campaigns and advertising and (b) incurred for responding to Defendants' emergency letter and paying for the time of the court reporter and videographer who remained onsite for the depositions of Bailey Weber and Gitty Zahler from 9:30 A.M. to 12:00 P.M. on February 23, 2023. Freedman Norman Freedman LLP, Bochner PLLC, and Defendants are jointly and severally liable for the fees awarded for the keyword campaigns and advertising dispute. Defendants and Bochner PLLC are jointly and severally liable for the fees associated with Plaintiff's response to Defendants' emergency letter and the depositions of Bailey Weber and Gitty Zahler. All other relief requested by Plaintiff is DENIED.

The Court expects the parties to meet and confer in good faith to reach agreement on Plaintiff's expenses related to the sanctions called for by this Order.  The Court will not hesitate to impose sanctions on any party that brings a dispute regarding the calculation of reasonable fees and costs, or any non-dispositive dispute for that matter, before the Court, before it seriously attempts to resolve that dispute with the other side.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       March 7, 2024

16