UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW CHAPTER, INC.

Plaintiff,

v.

ADVANCED NUTRITION BY ZAHLER CORPORATION, *et al*.,

Defendants.

**MEMORANDUM & ORDER**
22-CV-03734 (HG)

**HECTOR GONZALEZ**, United States District Judge:

This case arises from a trademark infringement dispute between Plaintiff New Chapter, Inc., and Defendants Advanced Nutrition by Zahler Corp. and Advanced Nutrition Inc. Plaintiff alleges that Defendants are infringing on the "New Chapter" mark by adopting similar marks—"Chapter One" and "Chapter Six"—to sell vitamins and nutritional supplements, thereby causing confusion among consumers. ECF No. 1 ¶ 1. Presently before the Court are the parties' *Daubert* motions. The Court assumes the parties' familiarity with the facts and procedural history of the case and only provides a summary of the pertinent procedural history.

Plaintiff moves to strike the testimony of Andreas Groehn. ECF No. 77 (Plaintiff's Motion to Strike). Defendants move to strike the testimony of Hal Poret, Itamar Simonson, and Raymond Bummer. ECF No. 79 (Defendants' Motion to Strike). For the reasons set forth below, all the *Daubert* motions are denied.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which was further clarified by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579

(1993).[1] "[I]n analyzing the admissibility of expert evidence, the district court has broad discretion in determining what method is appropriate for evaluating reliability under the circumstances of each case." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002). Rule 702 provides, in pertinent part, that an expert, qualified by "knowledge, skill, experience, training, or education" may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In other words, "the Court must determine: (1) whether the witness is a qualified expert; (2) whether the opinion is based on application of reliable data and methodology to the facts of the case; and (3) whether the expert's testimony will assist the trier of fact to understand the evidence or determine an issue of fact." *Boateng v. Bayerische Motoren Werke Aktiengesellschaft*, No. 17-cv-209, 2022 WL 4357555, at *10 (E.D.N.Y. Sept. 20, 2022). "Under *Daubert*, the district court must perform the gatekeeping function to ensure that: any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Beruashvili v. Hobart Corp.*, No. 05-cv-1646, 2010 WL 11622750, at *5 (E.D.N.Y. July 15, 2010).

## DISCUSSION

Defendants offer the testimony of Dr. Groehn as an expert on, among other things, whether the use of Defendants' "Chapter One" or "Chapter Six" marks caused confusion with the Plaintiff's "New Chapter" mark among consumers. ECF No. 87 at 5 (Defendants'

[1] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

Opposition to Plaintiff's Motion to Strike).[2] Plaintiff offers the testimony of: (i) Mr. Poret as an expert on the issue of whether consumers were confused by Defendants' use of the allegedly infringing marks; (ii) Dr. Simonson as a rebuttal witness who evaluated and critiqued the conjoint survey conducted by Dr. Groehn on the issue of the value of the "Chapter One" brand; and (iii) Mr. Bummer as a damages expert. ECF No. 85-1 at 7–17 (Plaintiff's Opposition to Defendants' Motion to Strike).

The motions all address in some fashion the testimony of witnesses regarding whether Defendants' use of the allegedly infringing marks caused confusion among consumers and, if so, what damages flow from the infringement. The parties generally take issue with the methodology employed by these witnesses. Plaintiff objects to the size of the images Dr. Groehn used to conduct his survey. ECF No. 77-1 at 4, 8–18. Defendants object to Mr. Poret using the same methodology for the 2021 and 2023 phases of his survey, which had "vastly different results." ECF No. 79-1 at 14–16. Defendants contend Mr. Poret's methodology failed to approximate marketplace realities, failed to address the correct population, and failed to provide for proper controls. ECF No. 79-1 at 14–18. Defendants additionally object to Mr. Poret's "readability" critique of Dr. Groehn's analysis. *Id.* at 18–20. Defendants move to strike Dr. Simonson's opinions regarding the reliability of a conjoint analysis, and specifically his opinion regarding the population Dr. Groehn used in his analysis and his opinion that Dr. Groehn failed to approximate marketplace realities. *Id.* at 20–32. Finally, Defendants object to the manner in which Mr. Bummer calculates Plaintiff's alleged damages, including the way in which he evaluates Defendants' evidence. *Id.* at 32–40. The Court has reviewed the parties' submissions and cannot conclude at this time that the opinions expressed by the parties' experts fall below the

2 The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

threshold established by Rule 702 and *Daubert.*[3] As an initial matter, each of the proffered witnesses appears to have significant experience in their respective field of expertise, *see, e.g.*, ECF No. 78-1 at 5, 32–42 (Dr. Groehn's April 2023 Report); ECF No. 79-4 at 7, 47–57 (Mr. Poret's April 2023 Report); ECF No. 79-6 at 2–7, 22–31 (Dr. Simonson's August 2023 Rebuttal Report); ECF No. 79-7 at 4, 22–26 (Mr. Bummer's April 2023 Expert Report), and the Court concludes that each has the requisite "knowledge, skill, experience, training, [and] education" required by Rule 702 to offer opinions related to the issue of consumer confusion between the parties' marks and whether the alleged confusion harmed Plaintiff.

Next, while there is significant disagreement among the parties about whether Defendants' use of the marks "Chapter One" and "Chapter Six" in marketing vitamins and nutritional supplements caused confusion among consumers related to Plaintiff's "New Chapter" mark that is associated with vitamins and nutritional supplements, and the relative damages that may flow from the alleged infringement and confusion, disagreement among the parties is not a basis to exclude the proffered opinions. "[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are *so unrealistic* and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison. Other contentions that the assumptions are unfounded go to the *weight*, not the admissibility, of the testimony." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213–14 (2d Cir. 2009) (emphasis added). Nothing here suggests that the proffered opinions are so unrealistic or

---

[3] It bears noting, however, that the Court does have concerns about the proffered testimony of Dr. Groehn concerning the survey he conducted on the issue of confusion. The Court's decision not to exclude his testimony as it relates to his April 2023 report on this issue was a close call because the size of the visual stimuli in the survey he employed to test his hypothesis raises a significant question about whether participants in his survey were actually able to see the marks in question. ECF No. 77-1 at 14–16. Therefore, the denial of Plaintiff's motion to exclude his testimony is without prejudice to renew the motion closer to trial.

contradictory as to suggest bad faith. The Court therefore concludes, with the noted caveat regarding Dr. Groehn's opinion, that the proffered opinions are reliable, meaning that they are "based on sufficient facts and data," are "the product of reliable principles and methods," and "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The parties may disagree as to the conclusions reached by these witnesses, but ultimately the jury will be the judge of whether Defendants' marks are infringing and will be responsible for assessing what weight to give the proffered testimony as it attempts to answer this question. *See Daubert*, 509 U.S. at 594–95 ("The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."); *see also In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 173 (S.D.N.Y. 2009) ("If an expert's testimony lies within the range where experts might reasonably differ, the jury, and not the trial court, should decide among the conflicting views of different experts.").

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to strike the testimony of Dr. Groehn, and also DENIES Defendants' motion to strike the testimony of Mr. Poret, Dr. Simonson, and Mr. Bummer. *See* ECF Nos. 77, 79.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 30, 2024